IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

JANICE FADDIS, et al.,        )
                              )
        Plaintiffs,           )
                              )        CIVIL ACTION NO.
v.                            )
                              )        99-AR-1214-S
ROEHUF RESTAURANTS, INC.,     )
                              )
        Defendant.            )

FILED
99 NOV -3 PM 3:12
U.S. DISTRICT COURT
N.D. OF ALABAMA

ENTERED
NOV - 3 1999

## MEMORANDUM OPINION

In their complaint plaintiffs request "class action" status
under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b).[1]
All named plaintiffs are alleging Equal Pay Act violations by
defendant.  They express the desire to bring claims on behalf of
all others who are "similarly situated."  Defendant objects to
class certification and moves to prohibit plaintiffs from
communicating with potential class members.  For the reasons
hereinafter outlined, this court will deny the request for class
certification.

Plaintiffs focus on the court's involvement in sending notice
to potential class members, as if this is the primary worry.

---

[1] Plaintiffs have never formally moved this court for class
certification.



Plaintiffs put the cart before the horse.  Before this court can address any questions regarding notice, it must determine whether to allow the action to proceed as an "opt-in" class under § 216(b).

The FLSA allows a plaintiff to bring an action on behalf of all of those who are "similarly situated."  Although the Act does not define the term "similarly situated," the Eleventh Circuit requires that the district court "satisfy itself that there are other employees . . . who are 'similarly situated' <u>with respect to their job requirements and with regard to their pay provisions</u>." <u>Dybach v. Florida Dept. of Corrections</u>, 942 F.2d 1562, 1567-1568 (11th Cir. 1991)(emphasis added).[2]

Most courts have treated class certification under § 216(b) as a two-step process.  <u>See e.g.,</u> <u>Harper v. Lovett's Buffet, Inc.</u>, 185 F.R.D. 358 (M.D. Ala. 1999), and <u>Brooks v. BellSouth Telecommunications, Inc.</u>, 164 F.R.D. 561 (N.D. Ala. 1995). First, a court determines whether the named plaintiffs have produced sufficient evidence to demonstrate a reasonable basis for presuming

---

[2] Some courts have chosen to apply Rule 23, F.R.Civ.P., requirements to FLSA class actions.  However, this court finds nothing in the FLSA that would allow for the application of some or all of Rule 23 to actions under § 216(b) of the FLSA.  If Congress had wanted courts to apply Rule 23 to § 216(b) of the FLSA, it could have easily said so.  <u>See</u> <u>also</u> <u>LaChapelle v. Owens-Illinois, Inc.</u>, 513 F.2d 286, 289 (5th Cir. 1975) (holding that because Rule 23 classes are "opt-out" and § 216 are "opt-in," the two types of class actions are mutually exclusive and irreconcilable), and <u>Schmidt v. Fuller Brush Co.</u>, 527 F.2d 532, 536 (8th Cir. 1975) (agreeing with <u>LaChapelle</u> that Rule 23 is irreconcilable with § 216 of the FLSA).

that similarly situated individuals exist.  The Eleventh Circuit

has pointed out that this burden, which is not heavy, may be met by

detailed allegations supported by affidavits. See Grayson v. K Mart

Corp., 79 F.3d 1086, 1097 (11th Cir. 1996).  If the court determines

that plaintiffs have produced this kind of evidence, it allows the

action to proceed.   However, as discovery moves along, the

defendant can move for decertification, which the court may order

if the evidence uncovered at that point has revealed that

plaintiffs are not, in fact, similarly situated to the members of

the putative class.

In this case, plaintiffs cannot make it past the first

inquiry.  They have not demonstrated, and cannot demonstrate, that

they are similarly situated to other potential plaintiffs because

they are not even similarly situated to *each other*.  As one court

put it, plaintiffs must demonstrate that there is an "identifiable

factual nexus which binds the named plaintiffs and potential class

members together as victims of a particular alleged

discrimination."  Abrams v. General Electric Co., 1996 WL 663889,

*2 (N.D.N.Y. 1996)(unreported in F.Supp.)(quoting Heagney v.

European American Bank, 122 F.R.D. 125, 127 (E.D.N.Y. 1988)).

Here, the named plaintiffs have not presented detailed

allegations, much less affidavits, which would demonstrate a common

factual nexus to bind their claims together.   More importantly,
they do not meet the Eleventh Circuit's requirement of being
similarly situated with respect to their job requirements and pay
provisions.   For example, some of the present plaintiffs were
managers or assistant managers when they filed their instant
action, while others were hourly relief managers, production
leaders, or cashier/crew members.[3]

Defendant points out in its answer that managers and assistant
managers are paid a salary based on a weekly rate, together with
bonuses based upon attendance and store performance, while hourly
relief managers, production leaders, and cashiers/crew members are
paid on an hourly basis.   Thus, the compensation for managers and
assistant managers is determined by a completely different set of
criteria than the pay for hourly employees.   The court also infers
that the job requirements for being a manager, assistant manager,
hourly relief manager, production leader and cashier differ from
one another significantly.

---

[3] There is apparent confusion and/or disagreement over what positions
some of the plaintiffs held.   The complaint states that plaintiffs Scott and
Lewis were assistant managers.   However, defendant points out in its answer
and in its reply brief that both women were hourly relief managers at the time
the complaint was filed.   Plaintiffs also state that Riley was a production
leader.   Defendants point out that she was a cashier/crew member.   Finally,
plaintiffs state that Jordan was an assistant manager, while defendants say
that she was a production leader.   Regardless of who is correct, there remains
a split between salaried workers and hourly workers among the named
plaintiffs.

Furthermore, since merit systems and seniority systems are potential defenses under the Equal Pay Act, different defenses would likely apply to each of the individual plaintiffs. These disparities lead the court to conclude that the named plaintiffs are not "similarly situated" to each other with respect to their job requirements and pay provisions. Because they have not produced detailed allegations or affidavits to suggest otherwise, they cannot possibly be similarly situated to other potential plaintiffs. See Mooney v. Aramco Services Co., 54 F.3d 1207, 1215-1216 (5th Cir. 1995) (upholding district court's dissolution of class because of the disparate factual circumstances of each individual's claim and because of the different defenses available to defendant on each individual's claim).

This court's conclusion is also in accord with the purposes of collective actions. The primary goal of a class action is to provide an efficient resolution of similar claims. Allowing this action to proceed as a class would produce inefficiency and incoherence, and a class proceeding would be unmanageable. The court does not see how the parties could avoid presenting evidence at trial which is unique to the claims of each individual plaintiff.[4]

---

[4] This court also notes that in addition to the Equal Pay Act claims, different plaintiffs have added other individual claims such as race

For the foregoing reasons, this court will deny plaintiffs' request to allow this action to proceed as an "opt-in" class action under the FLSA.  As a result, the issues regarding this court's involvement in giving notice to potential plaintiffs and regarding restrictions on plaintiffs' solicitation of potential class members are moot.[5]

<u>**CONCLUSION**</u>

A separate and appropriate order will be entered.

DONE this __3rd__ day of November, 1999.

WILLIAM M. ACKER, JR.
UNITED STATES DISTRICT JUDGE

---

discrimination, ADEA, and FLSA overtime claims.  If this action were in fact allowed to proceed as a class action under § 216, these distinct claims would be incompatible with the maintenance of a FLSA class.

[5] In light of plaintiffs' request that they be allowed until March 1, 2000, to amend their complaint and/or to add additional parties, the court warns plaintiffs that it is not likely to be amenable to the addition of any other claims or parties, as plaintiffs have already amended the complaint twice and as the present claims are already a seemingly inconsistent hodgepodge.