```
                IN THE UNITED STATES DISTRICT COURT
                 FOR THE NORTHERN DISTRICT OF ALABAMA
                          SOUTHERN DIVISION
```

FILED
99 DEC 22 PM 1:46
U.S. DISTRICT COURT
N.D. OF ALABAMA

ENTERED
DEC 22 1999

JANICE FADDIS, *et al.*,            }
                                    }
    Plaintiffs,                 }
                                    }       CIVIL ACTION NO.
v.                                  }
                                    }       99-AR-1214-S
ROEHUF RESTAURANTS, INC.,           }
                                    }
    Defendant.                  }
                                    }

### MEMORANDUM OPINION

    The court has before it two motions filed by defendant, Roehuf Restaurants, Inc., on November 23, 1999. The first seeks sanctions and a protective order. The second seeks a stay of discovery. Both motions were orally argued at this court's regular motion docket on December 17, 1999.

    The facts pertinent to the motions are not in dispute. After the court denied the named plaintiffs' request for the right to represent an "opt-in" class under the Fair Labor Standards Act and found "moot" defendant's objections to plaintiffs' counsel's contacts with and solicitations of defendant's non-plaintiff employees, plaintiffs' counsel contacted the Alabama Bar Association and furnished it with a copy of a proposed letter from him to defendant's employees and a copy of this court's order of November 3, 1999. The Alabama Bar Association, which has authority to voice opinions on matters of legal ethics in Alabama



but has no authority on matters of procedure in pending cases, approved plaintiffs' counsel's proposed letter-advertisement, which plaintiffs' counsel on November 19, 1999, mailed to twenty-eight of defendant's employees, ten of whom held managerial or supervisory positions.  The letters, which were stamped "ADVERTISEMENT," clearly constituted solicitations directed to the recipients suggesting that they employ plaintiffs' counsel to pursue any potential claims the recipients might have against defendant under the Equal Pay Act and/or the Fair Labor Standards Act (wage and hour) and/or Title VII (race and/or gender) and/or the Age Discrimination in Employment Act.  Also, plaintiffs' counsel's letter asked the recipients to contact plaintiffs' counsel's paralegal "if you have any information about these subjects."  In other words, ten of defendant's supervisory employees were asked by plaintiffs' counsel for possible evidence in this pending case, without first notifying counsel for defendant or proceeding under the rules of discovery.

Perhaps as a Freudian slip, plaintiffs' counsel in his "Response to Motion for Sanctions and Protective Order" lists the named plaintiffs in the style and follows them with the words **"and the class they seek to represent."**  Plaintiffs' counsel cannot seem to accept the fact that this court has rejected his efforts to obtain more of defendant's employees as clients by the device of a class certification.  If the court is wrong, plaintiffs have their

right to appeal. The court cannot interfere with plaintiffs' counsel's First Amendment freedom of commercial speech, something lawyers did not enjoy during this court's former life as a lawyer. This court can prevent a circumvention of its orders and of the rules precluding *ex parte* contact by the litigants with the supervisory employees of an opposing litigant.

An appropriate separate order will be entered.

DONE this 22nd day of December, 1999.

　　　　　　　　　　　　　　　　／s／ William M. Acker
　　　　　　　　　　　　　　　　WILLIAM M. ACKER, JR.
　　　　　　　　　　　　　　　　UNITED STATES DISTRICT JUDGE